REQUESTED BY: Patrick L. Tripp, Washington County Attorney, Blair, Nebraska
1. Is the machinery and equipment of an ethanol plant, used to process corn in the production of ethanol, exempt from personal property taxation as agricultural income-producing machinery or equipment under Neb.Rev.Stat. 77-202(6) (Supp. 1984)?
2. Is the raising of corn on land owned by a limited partnership operating an ethanol plant prohibited by ArticleXII, Section 8, of the Nebraska Constitution?
3. Does a county board have the authority to abate or waive taxes on a particular piece of property for a specific or indefinite period of time prior to the time taxes are assessed or levied?
1. No, machinery and equipment used by such a plant to produce ethanol would not be `used actually and primarily in the conduct of an agricultural operation to directly produce a raw agricultural commodity.'
2. Yes, the plain language of Article XII, Section 8, would prohibit a limited partnership, in which the partners were not all family members, from acquiring any interest in land used for farming or ranching, or from engaging in farming activity of this nature.
3. No, Neb.Rev.Stat. § 77-1737 (Reissue 1981) specifically prohibits a county board from abating or waiving property taxes which are required to be assessed under Neb.Rev.Stat. §§ 77-201 and 77-1301(1) (Reissue 1981 and Supp. 1984).
1. Your initial question concerns whether the machinery and equipment of an ethanol plant, used to process corn in the production of ethanol, would be exempt from personal property taxation under Neb.Rev.Stat. § 77-202(6) (Supp. 1984). You have indicated the plant would be owned by a limited partnership organized under Kansas law and registered to do business in the State of Nebraska. In addition, you state the plant would use approximately 63 million bushels of corn annually, and that corn would be the only grain or commodity utilized for the production of the ethanol.
Neb.Rev.Stat. § 77-202(6) (Supp. 1984) provides:
 Agricultural income-producing machinery and equipment shall be exempt from the personal property tax except: (a) Motor vehicles, as provided in section 60-301; (b) property assessed by the State Board of Equalization and Assessment as provided in sections 77-601 to 77-675; (c) property owned by parties deemed public service companies subject to the provisions of sections 77-801 to 77-803; and (d) any building or fixture, whether permanently attached to the land or not.
Prior to the enactment of § 77-202(6), a partial personal property tax exemption was provided for agricultural income-producing machinery and equipment under Neb.Rev.Stat. § 77-202. 25 (Reissue 1976) (Repealed 1980). With the enactment of LB 882 in 1980, the partial personal property tax exemption granted under former § 77-202.25 was repealed, and the present exemption under § 77-202(6) was adopted. The language creating the exemption for agricultural income-producing machinery and equipment was not altered by the passage of LB 882, except to the extent that what previously had been only a partial exemption under § 77-202.25 was changed to create a full exemption under present 77-202(6).
Pursuant to Neb.Rev.Stat. § 77-202.06 (Supp. 1984), the Tax Commissioner has adopted and promulgated regulations regarding the tax-exempt status of real or tangible personal property. In construing the exemption granted for agricultural income-producing machinery and equipment, the Commissioner has adopted Reg-41-2 of the Nebraska Department of Revenue personal property tax regulations. Reg-41-2 provides, in pertinent part:
 (1) Agricultural income-producing machinery and equipment shall mean all machinery and equipment which is used actually and primarily in the conduct of an agricultural operation to directly produce a raw agricultural commodity.
. . . .
 If machinery and equipment does not directly produce a raw agricultural commodity, it is not agricultural income-producing machinery and equipment.
Furthermore, in Rev.Rul. 41-75-1, the Department concluded the exemption for agricultural income-producing machinery and equipment `is granted only to machinery and equipment which is used actually and primarily in an agricultural capacity and which produces agricultural income.'
Generally, `although construction of a statute by a department charged with enforcing it is not controlling, considerable weight will be given to such a construction, particularly when the Legislature has failed to take any action to change such an interpretation.' McCaul v. AmericanSavings Company, 213 Neb. 841, 331 N.W.2d 795 (1983). `The interpretation of a statute given by an administrative agency to which the statute is directed is entitled to great weight.' ATS Mobile Telephone, Inc. v. Curtin Call Communications,Inc., 194 Neb. 404, 232 N.W.2d 248 (1975).
Applying the provisions of Reg-41-2 to the machinery and equipment of the ethanol plant in question, we believe the exemption granted under § 77-202(6) would not apply. The machinery and equipment utilized by the plant to process corn in the production of ethanol would not be `used actually and primarily in the conduct of an agricultural operation to directly produce a raw agricultural commodity.' The equipment used by the plant to produce ethanol would be utilized in an industrial or commercial capacity, and not in an agricultural capacity within the meaning of § 77-202(6).
Based on the foregoing, it is our opinion that machinery and equipment used to produce ethanol by a plant of this nature would not qualify for the exemption from personal property taxation granted under Neb.Rev.Stat. § 77-202(6) (Supp. 1984) for agricultural income-producing machinery and equipment. In addition, we are unaware of any other statute which would exempt such equipment from personal property taxation.
We point out, however, that, while this equipment would not be exempt from property taxation, it appears to qualify for the exemption from sales and use tax under Neb.Rev.Stat. § 77-2704(1)(t) (Supp. 1984). Section 77-2704(1)(t) provides an exemption from sales and use tax for `manufacturing and processing equipment purchased on or after September 1, 1981, for use directly in manufacturing or processing operations, initially installed in a manufacturing facility of new construction begun on or after July 1, 1981.' We believe the equipment in question, which would be placed in a newly-constructed facility for use in processing corn to produce ethanol, would qualify for the sales tax exemption granted under § 77-2704(1)(t).
2. Your second question concerns whether the raising of corn on land owned by the limited partnership constructing and operating the ethanol plant would be prohibited by ArticleXII, Section 8, of the Nebraska Constitution.
Subsection (1) of Article XII, Section 8, provides, in pertinent part:
 No corporation or syndicate shall acquire, or otherwise obtain an interest, whether legal, beneficial, or otherwise, in any title to real estate used for farming or ranching in this state, or engage in farming or ranching.
The terms `farming or ranching' are defined to include `the cultivation of land for the production of agricultural crops.' Furthermore, the term `syndicate' is defined in subsection (1) of Article XII, Section 8, which provides, in part:
 Syndicate shall mean any limited partnership organized under the laws of any state of the United States or any country, other than limited partnerships in which the partners are members of a family. . . .
We believe the plain language of Article XII, Section 8, would prohibit the limited partnership constructing and operating the ethanol plant from raising corn on any additional land owned by the entity. The limited partnership would fall within the definition of `syndicate' under subsection (1) of Article XII, Section 8, provided the partners were not all family members, and therefore would be prohibited from acquiring any interest in land used for farming, as well as being barred from engaging in farming activity of this nature. While Article XII, Section 8, lists several exceptions to which the restrictions of these provisions do not apply, none of these exceptions would appear to be applicable under these circumstances. We therefore conclude that the raising of corn on land owned by the limited partnership would be prohibited by Article XII, Section 8, of the Nebraska Constitution.
3. Your final question concerns whether the county board would have the authority to abate or waive taxes on a particular piece of property for a specific or indefinite period of time prior to the time taxes are assessed or levied.
Neb.Rev.Stat. § 77-201 (Reissue 1981) provides `all tangible property and real property in this state, not expressly exempt therefrom, shall be subject to taxation, and shall be valued at its actual value.' Neb.Rev.Stat. 77-1301(1) (Supp. 1984) provides `all real and personal property in this state subject to taxation shall be assessed as of January 1 at 12:01 a.m. which assessment shall be used as a basis of taxation until the next regular assessment.'
We believe it is clear that a county board has no authority to abate or waive property taxes to be assessed or levied under these provisions. Such action is specifically prohibited under Neb.Rev.Stat. § 77-1737 (Reissue 1981), which provides, in pertinent part:
 No county or township board, city council, or village trustees shall have the power to release, discharge, remit, or commute any portion of the taxes assessed or levied against any person or property within their respective jurisdictions for any reason whatever.
We therefore conclude that § 77-1737 would prohibit a county board from abating or waiving property taxes which are required to be assessed under §§ 77-201 and 77-1301(1).
Very truly yours,
A. EUGENE CRUMP Deputy Attorney General
L. Jay Bartel Assistant Attorney General
APPROVED:
A. Eugene Crump Deputy Attorney General